PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2006 Cadillac STS struck a hole on U.S. Route 52 near Tolsia, Wayne County. U.S. Route 52 is a public road maintained by Respondent. The Court is of the opinion to deny the claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 6:30 a.m. on December 16, 2008. U.S. Route 52 is a paved, two-lane road. In the area where Claimant’s incident occurred, the speed limit is twenty miles per hour. At the time of the incident, Claimant was traveling with his wife to the VA Hospital for a doctor’s appointment. Claimant testified that he was driving north on U.S. Route 52 at approximately fifty-five miles per hour when his vehicle struck a hole in the road. The hole, which was located 1/4 mile south of Copley’s Truck Stop, was *121 approximately two feet wide and eight inches deep. Since the hole was filled with water, the Claimant did not see it before his vehicle struck it. As a result of this incident, Claimant’s vehicle sustained damage to its rim in the amount of $716.60.
The position of the Respondent is that it did not have actual or constructive notice of the hole on U.S. Route 52 prior to the Claimant’s incident. Randolph Smith, Highway Administrator II/County Supervisor for Respondent in Wayne County, testified that he is familiar with the area where Claimant’s incident occurred. Mr. Smith stated that there are “Rough Road” signs and “20 M.P.H.” signs in that area. Mr. Smith testified that he did not recall receiving complaints regarding the condition of the road prior to the Claimant’s incident.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, a Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had at least constructive notice of the hole which Claimant’s vehicle struck and that the hole presented a hazard to the traveling public. In a comparative negligence jurisdiction, such as West Virginia, the negligence of a Claimant can reduce or bar recovery of a claim. A party’s comparative negligence or fault cannot equal or exceed the combined negligence or fault of the other parties involved in the accident. See Bradley v. Appalachian Power Co., 163 W.Va. 332, 342; 256 S.E. 2d 879, 885 (1979). In the instant case, the Court finds that Claimant was at least fifty percent negligent in driving over the speed limit, and the negligence of the Claimant is a complete bar to his recovery in this claim.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.